SARAH HARDY and SARAH HARDY, Adm'x *vs.* JULIA A. WILCOX, *et al.*

*Construction of a Will.*

A testator who died in the year 1841, gave, in nine clauses of his will, to his nine children respectively, certain houses and lots subject to ground rents thereon. In the sixth of these clauses he gave to his son F. E., "and his heirs forever," the leasehold interest in the lot of ground therein described. In all nine of these bequests the form was the same, being to the legatee "and his (or her) heirs forever." Immediately succeeding these clauses was the following: "Item. If it should so happen that any of my children should die without heirs, their portion shall be equally divided between those living." F. E. died intestate in 1874, leaving a widow but no child or descendant of any child. HELD:

That the surviving children of the testator were entitled to the property bequeathed to F. E.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the appellees against the appellant, and others, to obtain a construction of the will of Frederick Ellender, Sen'r, who died in the year 1841, and for the sale of certain leasehold property bequeathed by said will. The case is stated in the opinion of the Court.

The cause was argued for the appellant before STONE, GRASON, MILLER, ALVEY, ROBINSON, IRVING and RITCHIE, J., and submitted for the appellees.

*James H. Gable,* for the appellant.

*A. F. Musselman,* and *Edward Otis Hinkley,* for the appellees.

RITCHIE, J. delivered the opinion of the Court.

.The determination of this appeal depends upon the construction to be given two clauses in the will of Frederick Ellender, Sr. The testator gives and bequeaths in nine clauses of his said will to his nine children respectively, certain houses and lots in Baltimore City, subject to certain ground rents therein reserved. In the *sixth* of these clauses, he gives and bequeaths to his son Frederick Ellender, Jr., "and his heirs forever," a brick house and lot on Friendship street, which is leasehold property. In all nine of the bequests the form is the same, the bequest being to the legatee, "and his [or her] heirs forever." Immediately succeeding these clauses, is the following, which, with the sixth, just referred to, form the subject of this controversy—namely: "Item. If it should so happen that any of my children should die without heirs, their portion shall be equally divided between those living."

After the death of the testator, his said son Frederick took possession of the said leasehold house and lot, and continued in possession thereof until his death, which occurred in February, 1874. He died intestate, leaving a widow, Sarah Ellender, but no child or descendant of any child. After his decease, the said Sarah married one Hardy, and was again left a widow. As the widow of said Frederick Ellender, Jr., and as his administratrix, her contention as appellant in this case is, that the limitation over of the property mentioned in the will, upon the first takers dying without heirs, is after an indefinite failure of heirs, and therefore void; and that the estate therefore in each devise vests in the first taker.

We concur with the learned Judge below in regarding this construction of the appellant, as in conflict with the recent decision of this Court, in the case of *Gable vs. Ellender*, 53 *Md.*, 311. In that case, certain leasehold property was devised by Charity Ellender, as follows: "'I give and

bequeath to my beloved daughter, Eliza Gable, the wife of Henry Gable, my brick house and lot fronting on Madison street, during her life, and at the death of the said Eliza Gable, it shall descend to Sarah Jane Gable, her daughter, and to her heirs forever; and should the said Sarah Jane Gable die without heirs, it shall then descend to my children then living, and be equally divided between them, share and share alike." Sarah Jane Gable, after coming into possession of the property, died intestate, without any child or descendant, leaving her husband surviving her. The brothers of said Sarah Jane Gable, claiming as "heirs" of the said Sarah, in the technical sense of the term, brought an action of ejectment to recover the property. But this Court decided, affirming the judgment of the Court below, that, looking to the intent of the testatrix, and in accordance with the broader signification now given to the word "heirs," than formerly, and the property being personal estate, as in the present case, "heirs of the body," or children of the said Sarah Jane, was the proper meaning and application of the word; and determined that the property vested in the surviving children of the testatrix Charity Ellender. Without repeating the reasoning and the citation of authorities upon which that decision was based, we deem it sufficient to say, that we regard the clauses of the will now under consideration, as substantially similar to those construed in the will of Charity Ellender.

The surviving children of the testator, Frederick Ellender, Sr., being in our opinion entitled to the property in question, the decree of the Circuit Court is affirmed, and the cause remanded for further proceedings thereunder.

*Decree affirmed, and*
*cause remanded.*

(Decided 22nd March, 1882.)